# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-30794

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2025

Lyle W. Cayce
Clerk

KELLY TAYLOR,

*Plaintiff—Appellee*,

*versus*

OCHSNER CLINIC FOUNDATION, *doing business as* OCHSNER MEDICAL CENTER,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CV-1872

———————————————————

Before JONES, DUNCAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

This panel granted a motion for interlocutory appeal pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453(c), to review the district court's remand order in this putative class action case. Having carefully reviewed the briefs and the record, we Reverse and Remand for the district court to adjudicate the dispute.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-30794

Plaintiff Taylor sued Ochsner Medical Foundation ("Ochsner") and Dr. Andrew Matthews in state court when it was discovered that Matthews, on the medical staff of Ochsner, had placed hidden cameras in numerous restrooms throughout the Ochsner campus on Jefferson Highway in Jefferson Parish, Louisiana. Plaintiff sought class action status, alleging that at least 50 to 100 plaintiffs among thousands who work at or visit the facility daily had been exposed to invasions of privacy and various indignities. Her complaint sought damages comprising medical expenses, several types of noneconomic damages, and attorneys' fees. Ochsner was sued on the basis of vicarious liability and negligence.

Upon exposure of his handiwork, Matthews faced multiple charges of video voyeurism in violation of state law. With state court permission, he moved to Texas.

Ochsner removed the case to federal court pursuant to CAFA, which confers jurisdiction on district courts over class actions in which the matter in controversy exceeds $5,000,000 and at least one class member is a citizen of a state different from that of the defendant. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019) (citing 28 U.S.C. § 1332(d)(2)(A)). A removing defendant bears the burden of establishing the twin elements of jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). In the district court, Plaintiff did not challenge Ochsner's assertion that the amount in controversy had been met[1] nor did Plaintiff meaningfully dispute Ochsner's evidence that Matthews had become a domiciliary of Texas. Plaintiff's objections to federal jurisdiction rested instead on two

---

[1] Plaintiff stated that "[i]n this case, Plaintiff does not dispute the amount in controversy has been sufficiently alleged and Plaintiff does not argue the aggregate amount in controversy does not exceed $5,000,000.00."

statutory exceptions to CAFA diversity jurisdiction, which the district court rejected and Plaintiff failed to appeal.

The district court, however, ruled against Ochsner on both jurisdictional elements, finding "no evidence" to support Matthews' having become a Texas citizen and that Ochsner's amount in controversy allegations, extrapolated from Plaintiff's pleadings, were "implausible." Both conclusions are at odds with the record and reasonable inferences drawn from it.

In *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88–89 (2014), the Supreme Court made plain that a removing defendant's allegation as to amount in controversy need only be "plausible" and should be accepted when not challenged by the plaintiff or questioned by the court. Nothing in the *Dart* standard limits the opinion to the amount in controversy, and it therefore applies as well to proof of minimal diversity.

Curiously, the district court found "nothing" in the record regarding Matthews. In so doing, it apparently overlooked uncontroverted evidence supplied by Ochsner, including his address in Deer Park, Texas, where he was served with process[2]; Texas voter registration; Texas driver's license; and his expressed desire to move to Texas and "stay with his family" to pursue "employment opportunities." These amount to a bevy of facts held relevant by this court to establishing citizenship for diversity purposes. *See, e.g.*, *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003) (explaining that "no single factor is determinative" of citizenship). Plaintiff failed to challenge this evidence in the district court

_____

[2] Matthews was served under the Long-Arm Statute of Louisiana, LA. STAT. ANN. §§ 13:3201(A), 13:3206, providing for service of "nonresidents" who are not "domiciled" in Louisiana.

and offers little substance on appeal. The district court clearly erred in holding that Ochsner failed to prove by a preponderance that Matthews is a Texas citizen and minimal diversity was thereby satisfied.

As to the amount in controversy, Ochsner "plausibly" calculated at least $5 million considering hidden cameras were found in numerous restrooms throughout the Ochsner campus; Plaintiff's pleadings estimated at least 50 to 100 class members; over 40,000 employees and physicians worked at this Ochsner campus; and the inclusion of potential attorneys' fees and the likely nature of "video voyeurism" damages. The district court's focus on an "unknowable" class size more reasonably means "unknowably large" under all of these circumstances. Alternatively, the district court may have misinterpreted "unknowable" as an adjective referencing class size rather than in regard to the ascertainment of class members' identities. For whatever reason, the finding that Ochsner's extrapolation of potential damages was "implausible" was erroneous legally and factually.

Finally, Plaintiff has advanced no basis for further discovery where it had a complete opportunity in the trial court to present its facts and arguments for application of CAFA's exceptions. A second bite at the apple is unwarranted.

For these reasons, the district court's order of remand to state court is REVERSED, and the case is REMANDED to proceed in federal court.